I am for dissolving in toto, not because I think the answer has denied all parts of the bill, but because the bill itself shows no sufficient cause for coming into this Court. After a verdict at law, a man may apply for relief; but then the case where it is proper for him to do so must be an uncommon one, and must be specially stated so as to show the cause there is for the interference of this Court; but the rule as to cases in general under which this comes, being not distinguished by any peculiarity of circumstances, is that where the complainant has complete relief at law, equity will not take any cognizance of his cause. This is the case of the complainant. If, as he states it, (371) the writing assigned to Montgomery was not a negotiable one, then it was liable in the hands of Montgomery, notwithstanding the assignment to every defense and objection that it was in the hands of Spier; *Page 292 
and at law he might have set up these defenses, and have lessened the damages by proving the errors and mistakes stated in the bill; or if the writing was negotiable, and passed into the hands of Montgomery with notice of the defense Martin intended to make against it, then, notwithstanding its negotiability, he might at law have defended himself by proving the notice Montgomery had of the defense intended, previous to his taking an assignment of the note; or, if the writing was a negotiable one, and passed to Montgomery without notice of the defense intended to be set up, then it was free from any such defense both in law and equity, and the bill ought not to be entertained.
It is true, a court of equity has a jurisdiction, in cases of account, concurrent with the courts of common law, even where at law the party complainant may have complete redress; yet the complainant must apply to the one or the other of these courts, and be content with the sentence they pass. He is not at liberty, first to sue or defend in a court of law, and after trying his fate there, apply to a court of equity. If he could not have completely defended himself without the aid of a court of equity, as if he wanted a discovery, he should have filed a bill for a discovery before the verdict had passed against him, and not have waited till after the trial, and then delayed the plaintiff at law by an application to this Court for an injunction. Were this allowable, every defendant would delay the plaintiff at law, and fend off his cause as long as possible, and afterwards have the benefit of his defense by getting an injunction and still longer delaying the plaintiff. I am not for going one step further in grating injunctions against verdicts at law than are prescribed by the rules of a court of equity as laid down in the books. Injunctions are a source of great delay to the plaintiffs, and of great expenses to defendants, who are generally charged with the heavy expenses of a suit in equity, for no other purpose than that of obtaining a short respite for a few months from execution. I am for dissolving in toto, but as the Court are divided, I am willing, rather than no dissolution should take place, to dissolve except as to the errors in overcharging the articles mentioned in the bill.
It was dissolved accordingly, except as to those articles, and the account referred to the master to report upon at next term.
See Black v. Bird, ante, 273; Welch v. Watkins, ante, 369. *Page 293 
(372)